Mary Irene VALLIMONT,
Plaintiff–Appellant,

v.

EASTMAN KODAK COMPANY,
Defendant–Appellee.

No. 01–7336.

United States Court of Appeals,
Second Circuit.

Nov. 20, 2001.

Mary Irene Vallimont, Clearfield, PA, pro se.

Michael Cobbs, Esq., Brown & Hutchinson, Rochester, NY, for defendant-appellee.

Present MINER, STRAUB and PARKER, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Mary Irene Vallimont, pro se, appeals from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, Judge) granting Defendant–Appellee Eastman Kodak Company's ("Kodak") motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) with respect to Ms. Vallimont's complaint alleging that Kodak had retaliated against her for filing a prior lawsuit against the company.

Ms. Vallimont's complaint alleged that Kodak had improperly retaliated against her for filing a prior age and discrimination lawsuit against the company. Ms. Vallimont contended that the retaliation had harmed her health and her good name, and requested that Kodak be fined.

Thereafter, Kodak moved for dismissal of Ms. Vallimont's complaint on res judicata grounds, arguing that she merely sought to relitigate the issues asserted in her first lawsuit. In her opposition to Kodak's motion, Ms. Vallimont maintained that her complaint was based solely on Kodak's alleged retaliation for her filing her prior lawsuit, not the issues presented in her prior action.

The District Court granted Kodak's motion and dismissed Ms. Vallimont's complaint. The District Court concluded that because Ms. Vallimont did not claim to be, and in fact was not, an employee of Kodak when she filed her original EEOC complaint and her complaint in the District Court, nor was she seeking re-employment with Kodak, she had failed to state a claim for retaliation, which requires allegations that the defendant took an adverse employment action against her and that it took that action in retaliation for her attempts to vindicate her civil rights. See, e.g., *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir.2001).

We agree with the District Court for substantially the reasons set forth in its opinion dismissing Ms. Vallimont's complaint, and therefore AFFIRM the judgment of the District Court.